Filed 3/5/15  P. v. Rackley CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>REECE L. RACKLEY,<br><br>    Defendant and Appellant. | D066158<br><br><br>(Super. Ct. No. SCE322135,<br>    SCD230576) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth K. So and Timothy R. Walsh, Judges.  Affirmed.

Elisabeth A. Bowman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

This case presents an appeal from the sentences imposed following the revocation of probation in two separate felony cases.  Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she has been unable to identify any reasonably arguable issues for reversal on appeal.  Counsel asks this court to

review the record for error as required by *Wende*. As we will set forth below, counsel has identified three possible, but not arguable issues to assist the court in the review of the record as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We offered the appellant the opportunity to file her own brief on appeal, but she has not responded.

STATEMENT OF THE CASE

In May 2011 Reece L. Rackley was convicted by a jury in case No. SCD230576 of assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(1)), and corporal injury to a spouse or a roommate (§ 273.5, subd. (a)). The jury also found true allegations that Rackley used a knife and inflicted great bodily injury on the victim. (§ 1192.7, subds. (c)(8), (c)(23); § 12022.7, subd. (e).) The court suspended a seven-year prison term and granted probation for five years on various terms and conditions.

In case No. SCE322135 Rackley pled guilty in September 2012 to battery by gassing a peace officer (§ 243.9, subd. (a)) and admitted a strike prior. Rackley also admitted a violation of probation. The court suspended a six-year prison term and again placed Rackley on probation.

In February 2014, Rackley was charged with new offenses in case No. SCD253756 including violations of sections 273.5, 245 and 422, as well as vandalism.

Following the preliminary hearing in case No. SCD253756, the court revoked Rackley's probation in the two prior felony cases.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Rackley's motion under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden* motion) was denied. Thereafter the court formally revoked and denied probation.

Rackley was sentenced to the seven-year term that had been previously suspended. Rackley filed timely notices of appeal.

## STATEMENT OF FACTS

The offenses and the probation revocation all arise from acts during Rackley's relationship with Steven Allen.

The probation revocation followed from events on January 31, 2014. At that time Rackley got into an argument with Allen at his apartment. During the struggle that followed, Rackley threatened to stab and kill Allen and at one point cut him in the lower left leg with a knife. She also damaged several items of property.

## DISCUSSION

As we have noted appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, indicating that she has not been able to identify any reasonably arguable issue for reversal on appeal. Pursuant to *Anders,* counsel has set forth the following possible, but not arguable issues for our consideration:

1. Whether the court erred in using the facts established at the preliminary hearing in case No. SCD253756 as the basis for the formal revocation of probation in the other two felony cases?

2. Whether the court erred in denying Rackley's *Marsden* motion?

3. Whether the evidence was sufficient to support the violations of probation?

3

We have reviewed the entire record and have not discovered any reasonably arguable issues for reversal on appeal.  Rackley has been represented by competent counsel on appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.

4